**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10372 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00015-MCE |
| v. | |
| KEITH LAMONT JENKINS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

Before:  FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

Defendant-Appellant Keith Jenkins timely appeals his jury trial conviction

for one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. §

922(g)(1).  Because the parties are familiar with the facts and procedural history of

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jenkins first argues that the evidence at trial was insufficient to support his conviction. Where, as here, the defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, we review the sufficiency of the evidence de novo. *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224 (9th Cir. 2007). We must "construe the evidence in the light most favorable" to the government, and then determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (emphasis in original)).

Here, the gun at issue was found on the ground directly beneath the driver's side car door. Jenkins, the sole occupant of the car, was seated in the driver's seat, within easy reach of the firearm if the partially closed door were opened further. Although the ground was wet, the gun and the cell phone charger beneath it were dry, suggesting that they had both recently come from the car's interior. Upon awakening, Jenkins immediately reached into the area where the gun would have to have been in order for it to have fallen out when the car door opened. When he didn't find it, Jenkins continued to reach into other areas of the car where

2

individuals often keep firearms, even while being repeatedly tased. Two shell casings were found in the car, both the same caliber as the gun found beneath the car door. Further, Jenkins had gunshot residue on his hands, in an amount that was inconsistent with mere contamination from the police. The evidence was sufficient to support Jenkins's conviction. *Jackson*, 443 U.S. 318–19.

Second, Jenkins contends that the district court erred in refusing to instruct the jury that voluntary intoxication was a defense to the crime under the particular facts of his case. Instructional error is reviewed de novo. *United States v. Verduzco*, 373 F.3d 1022, 1030 n.3 (9th Cir. 2004). Jenkins argued at trial that voluntary intoxication was relevant to knowledge; on appeal, he now argues instead that it was relevant to his intent to control the firearm, as required for the jury to find he was in constructive possession of it. Federal Rule of Criminal Procedure 30(d) requires a party objecting to the failure to give a jury instruction to "inform the court of the specific objection and the grounds for the objection." Because Jenkins did not alert the district court to the grounds he now urges, we review for plain error. Fed. R. Crim. P. 30(d), 52(b); *United States v. Williams*, 990 F.2d 507, 511 (9th Cir. 1993). Plain error is error that is plain and that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993).

We have never held that constructive possession requires specific intent, nor that voluntary intoxication may be a defense to a violation of 18 U.S.C. § 922(g)(1).  Jenkins could only locate a single case anywhere in the country in which a circuit has done so.  *United States v. Newsom*, 452 F.3d 593 (6th Cir. 2006).  If the district court erred, the error was not plain.  *Olano*, 507 U.S. at 732.

**AFFIRMED.**